STATE of Wisconsin, Plaintiff-Respondent,

v.

Luan S. HAMDIA, Defendant-Appellant.

Court of Appeals

*No. 86–0502–CR. Submitted on briefs November 11, 1986.—
Decided December 3, 1986.*

(Also reported in 400 N.W.2d 484.)

For the defendant-appellant, the cause was submitted on the briefs of *Thomas J. Kasen* of *Figlesthaler and Kasen*, of Wauwatosa.

For the plaintiff-respondent, the cause was submitted on the briefs of *Bronson C. La Follette*, attorney general, *David J. Becker*, assistant attorney general, and *Sandy A. Warber*, assistant district attorney for Washington county.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Luan Hamdia appeals from judgments of conviction for carrying a concealed weapon pursuant to sec. 941.23, Stats., and possession of a controlled substance pursuant to sec. 161.41(3), Stats. The issue is whether the trial court erred by admitting evidence obtained as a result of a vehicle search conducted incident to an arrest of the driver of

the automobile in which Hamdia was a passenger. Because we conclude that the evidence was properly obtained, the judgments are affirmed.

Hamdia was a passenger in an automobile stopped by the Cedarburg police department. The driver of the automobile was arrested pursuant to an outstanding traffic warrant and was placed in a police squad car at the scene. Hamdia exited the automobile at an officer's request and then left the scene on foot. The police then searched the automobile, finding weapons and a controlled substance. Hamdia later arrived at the Cedarburg police department to post bond for the driver. He confirmed that the automobile which the police had searched was registered to his mother and was under his control. Hamdia was then placed under arrest.

Hamdia contends that the trial court erred by admitting the evidence obtained during the search of the automobile because the search was violative of his fourth amendment right to be free from unreasonable search and seizure. A trial court's findings of evidentiary or historical facts will not be upset on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *State v. Woods*, 117 Wis. 2d 701, 715, 345 N.W.2d 457, 465 (1984). However, questions that require application of constitutional principles to the facts are reviewed independently. *State v. Fry*, 131 Wis. 2d 153, 171, 388 N.W.2d 565, 573 (1986).

"[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* at 167-

68, 388 N.W.2d at 571 (quoting *New York v. Belton*, 453 U.S. 454, 460 (1981)). Here, the arrest of the driver of the automobile and the subsequent search squarely meet the *Belton* rule adopted by the Wisconsin Supreme Court in *Fry*. The driver was arrested, placed in a squad car and remained on the scene while the search was taking place. "[T]he lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have." *Id.* at 176, 388 N.W.2d at 575 (quoting *Belton*, 453 U.S. at 461).

The precise question here, however, is whether the lawful arrest of the driver justifies the infringement of any privacy interest which *a non-arrested passenger* may have. In *State v. Griffin*, 131 Wis. 2d 41, 388 N.W.2d 535, (1986), the supreme court upheld a warrantless search of a probationer's residence by a probation officer. Among Griffin's arguments was a claim that a search warrant was required to protect the privacy rights and expectations of third parties. *Id.* at 57, 388 N.W.2d at 541. In rejecting this argument, the supreme court held that when the standard for warrantless searches has been met, third parties need no other protection. *Id.* at 57-58, 388 N.W.2d at 541. Therefore, the supreme court concluded that the search was not invalid because it could potentially lead to the discovery of incriminating evidence against a non-probationer third party. *Id.*

Although the above language in *Griffin* is arguably dicta because the case did not directly involve the rights of third parties, we find it persuasive. This is particularly so in a case such as here involving a vehicle search—an area in which the law has recognized that expectations of privacy are lesser than in other forms of

property. *See United States v. Ross*, 456 U.S. 798 (1982). We therefore conclude that compliance with the *Fry* requirements adequately protects the privacy rights of vehicular occupants who are not arrested. Therefore, a warrant is not required. Accordingly, the trial court's ruling admitting the evidence was proper.

*By the Court.*—Judgments affirmed.